PECOS & N. T. RY. CO. v. MAXWELL.
(Court of Civil Appeals of Texas. Amarillo. April 19, 1913.)

1. CARRIERS (§ 105*)—CARRIAGE OF GOODS—SPECIAL CONTRACT—DAMAGES.
A carrier, informed by a shipper on November 8th that tents were intended to be used during severe weather as a stable for the protection of his horses, etc., had sufficient notice to render it liable for the expenses and damages which might result by reason of its failure to deliver them within a reasonable time.
[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 451–458; Dec. Dig. § 105.*]

2. CARRIERS (§ 106*)—CARRIAGE OF GOODS—BREACH OF SPECIAL CONTRACT—QUESTION FOR JURY.
Where a carrier had notice that tents were shipped to be used as stable tents for the pro-

tection of horses, etc., during severe weather, the question whether the damages claimed to have resulted from failure to deliver in a reasonable time were the proximate result of such failure, or were within the contemplation of the parties at the time of making the contract, was for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 448–450; Dec. Dig. § 106.*]

3. EVIDENCE (§ 536*)—OPINION EVIDENCE—EXPENSE OF FEEDING HORSES.

Where plaintiff stated that he was able from his experience to tell how much more feed was required to take care of horses during severe weather without the protection of stable tents, and stated the facts upon which such opinion was based, his opinion on that question was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2343, 2344, 2347; Dec. Dig. § 536.*]

4. APPEAL AND ERROR (§ 173*)—DEFENSES—FAILURE TO RAISE IN TRIAL COURT.

Where a carrier, sued for breach of a special contract for the carriage of goods, did not in the trial court raise the issue of the validity of the 90-day clause in its shipping contract, such defense, if any, was waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098, 1101–1120; Dec. Dig. § 173.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

Action by W. A. Maxwell against the Pecos & Northern Texas Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Madden, Trulove & Kimbrough, of Amarillo, and Terry, Cavin Mills, of Galveston, for appellant. Cooper, Merrill & Lumpkin, of Amarillo, for appellee.

HALL, J. This is a suit for damages instituted in the county court of Potter county by appellee against appellant. Appellee's allegations are to the effect that during the month of November he was engaged in construction work on the line of appellant company at a point south of Lubbock, and that in the prosecution of his work it was necessary for him to use, and he did use, a large number of horses and mules; that on or about November 8, 1909, he shipped from Amarillo to Lubbock two bundles of tents for the purpose of being used as a stable for his horses and mules while he was engaged in said construction work; that said tents were shipped for the purpose of protecting his teams, and, if they had been delivered to him within a reasonable time, he could have and would have used the same as a stable for the protection of his horses and mules, and, had he been able to use said tents for said purpose, his horses and mules would have been protected from cold and inclement weather, and that it would not have been necessary for him to use as much feed in caring for said horses and mules as was necessary where said horses and mules were kept without the protection of a stable; that it was impossible for appellee to obtain

shelter, protection, or a stable for his teams while engaged in said work without said tents; that one bundle of said tents was delivered to appellee within a reasonable time, but it was of no use to him without the other bundle, which contained the corresponding part of said stable tents, thus making one bundle useless without the other; that the second bundle was not received and delivered within a reasonable time, but was unreasonably delayed by appellant company and was not received by appellee until about the 7th day of February, 1910; that if both bundles had been delivered to him he would and could have used the same for the protection of his teams during all of the time between November 20, 1909, and February 7, 1910; that, by reason of the failure of the appellant to so deliver the same within a reasonable time, appellee's horses and mules were compelled to stand outside, without protection from the cold and inclement weather during said period of time between November 20, 1909, and February 7, 1910, and that by reason thereof they suffered from exposure to the weather and required a larger amount of feed for their maintenance than would have been required had they the benefit and protection of said stable; that, by reason of the delay in delivering said tents, appellee was compelled to buy, and did buy, feed for said horses in the sum of $321 more than he would have been compelled to purchase for said teams during said time had they been protected by said tents; that said facts were so known by a notice given to the agent of the appellant company receiving said shipment at the time the same was received; that it was well known to the appellant company, its agents and employés, at the time said tents were tendered to it for shipment that the appellee expected to use them for the purpose hereinbefore stated; and that the failure to deliver said tents within a reasonable time resulted in appellee's damages, as herein alleged. He prayed that, in the event he should not be entitled to such damages, then that he have judgment for the reasonable value of the use of said tents during said period, which he alleged to have been the sum of $321.

[1, 2] Appellant insists, under the first assignment of error, that, in order for appellee to recover special damages for delay in the shipment, the evidence must show that at the time the contract of shipment was made the carrier had notice of the special conditions rendering such damages the natural and probable result of the delay, and that the contract of shipment was made with reference to such conditions. The evidence, upon the question of notice, tending to support the claim for special damages is in part as follows: Appellee testified: "My two bundles of tents were down in the warehouse there. They had come to me from Kansas City. I had them repaired there.

I saw them there when I spoke to the man who had the bill to my shipment. I got my wheelers loaded and had room for the tent and went to the agent and told him I wanted this tent shipped with the wheelers, and he said, 'They are right here in the warehouse. Have you got your expense bill?' And I said, 'No, I haven't.' I cannot give you his name, but he is the party I was shipping through. He was working for the Santa Fé, the defendant in this suit. He said, 'I can't let it go without the expense bill.' I said, 'I am sorry; I am needing the tent there now. It is getting cold and our stock are needing shelter.' But he would not let it go." It is shown by other evidence that appellant's agent knew the tent belonged to appellee and the purpose he had in shipping it. The question raised by appellant under this assignment is one for the jury. As said in G. H. & S. A. Ry. Co. v. Stovall, 3 Willson, Civ. Cas. Ct. App. § 254: "In this case it was a question of fact for the jury to determine whether the stampede and loss of the 15 head of cattle was the natural, direct, and proximate result of the breach of contract of carriage, or reasonably within the contemplation of the contracting parties when making the contract. This was a question of evidence, not of pleading, and, as claimed in the petition, said item of damages may or may not be recoverable, dependent upon the finding of the jury as to whether the same was the natural, direct, and proximate result of the breach of the contract, or was within the contemplation of the parties at the time of making the contract." Appellants excepted to the sufficiency of the allegations as to feed, but no error is assigned upon the action of the trial court in overruling the exceptions. The evidence having shown that appellant's agent knew the tent was to be used by appellee during the severe weather existing between November 20, 1909, and February 7, 1910, in our judgment, the carrier had notice sufficient to render it liable for the expense and damages which might result by reason of the failure to deliver the tent within a reasonable time. What is here said also disposes of the second assignment of error.

[3] Appellee was permitted to testify in his own behalf that, based upon his experience in that line of work, it took one-fifth more feed to keep the horses in working condition without the tent than with it, and that in dollars and cents he estimated his damages at $350, as near as he could figure it. He stated he had several years' experience in handling teams and six years in grading work. He stated he was able, from his experience, to tell how much more feed, or approximately how much more, was required to take care of the teams during the time when it would have been required if he had had the tent. He stated the facts upon which his opinion was based, and we think the court did not err in admitting the testimony.

[4] Since the submission of the case, appellant has filed additional authorities, bearing upon the question of the validity of the 90-day clause in the shipping contract. The shipping contract was not introduced in evidence, and no paragraph thereof was pleaded by appellant. The only special defense set up by appellant was that of contributory negligence. We are cited to the case of M., K. & T. Ry. Co. v. Harriman, 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. ——, and other late cases by the Supreme Court, bearing upon that question. The issue not having been raised in the trial court, the defense was waived, if indeed it existed.

Finding no reversible error, the judgment is affirmed.